**WO**                                                                                           SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Jennings, | No. CV 10-8004-PHX-JAT (JRI) |
| Plaintiff, | |
| vs. | **ORDER** |
| Hays, et al., | |
| Defendants. | |

Plaintiff Robert Lee Jennings brought this action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a "Complaint and Application for a Temporary Restraining Order and Application for Preliminary Injunction" requesting an order that "Defendants['] peer's" be prohibited from withholding life saving medications. (Doc. 37.) The motion is ready for ruling. (Doc. 40, 46.)

The Court will deny the motion.

## I.  Background

In Count II, Plaintiff claimed that Defendants Hays and Heavrin entered Plaintiff's cell to confiscate three humorous poems that Plaintiff had posted on his bulletin board. When Plaintiff protested and requested that a lieutenant be called, Hays and Heavrin used mace "maliciously and sadistically to harm . . . Plaintiff." (Doc. 1.) Plaintiff also claims that there was no penological purpose for Defendants to use mace. The Court found that this stated a claim for excessive force and directed Hays and Heavrin to answer. The Court dismissed the remaining claims and Defendant. (Doc. 5.)

1   In his "Complaint and Application for a Temporary Restraining Order and Application
2   for Preliminary Injunction" Plaintiff asserts that "this action is brought to obtain injunctive
3   relief, as well as court costs and fees. . . ." (Doc. 37 at 1.) Plaintiff asserts that he suffers
4   from hypertension and obstructive pulmonary disease (COPD) with bronchitis. (Id.) He
5   takes medications for his conditions and he has not received his medications for several
6   weeks. (Id. at 2.)

7   Defendants oppose the request, arguing that Plaintiff's motion is not a complaint and
8   that the relief requested is unrelated to the issues raised in the pending lawsuit. (Doc. 40 at
9   1.) Counsel also states that despite these deficiencies, the claims were investigated. Plaintiff
10  failed to request renewal of his medications. (Id. at 3.) In addition, counsel was advised that
11  the medication was reordered and reinstated in early December and that Plaintiff was taken
12  to medical for breathing problems on November 24, 2010. (Id.)

13  Plaintiff replies that this is not a new case or a moot case because "[t]here is a history
14  in prisoner litigations across America, where prison officials retaliate against a prisoner for
15  bringing about litigation against other prison officials." (Doc. 46 at 1-2.) Plaintiff submits
16  evidence that he requested the refill of his medications. (Id., Attachs. 1-3.)

17  **II.    Preliminary Injunction Standard and Analysis**

18  A preliminary injunction is an extraordinary and drastic remedy and "one that should
19  not be granted unless the movant, by a clear showing, carries the burden of persuasion."
20  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A.
21  Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). To
22  obtain a preliminary injunction, the moving party must show "that he is likely to succeed on
23  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
24  the balance of equities tips in his favor, and that an injunction is in the public interest."
25  Winter v. Natural Resources Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008); Am.

- 2 -

1 Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  The
2 movant has the burden of proof on each element of the test.  Envtl. Council of Sacramento
3 v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

4      A request for a temporary restraining order is governed by the same general standards
5 that govern the issuance of a PI.  See New Motor Vehicle Bd. V. Orrin W. Fox. Co., 434 U.S.
6 1345, 1347 n. 2 (1977); Los Angeles Unified Sch. Dist. V. U.S. Dist. Court, 650 F.2d 1004,
7 1008 (9th Cir. 1982).

8      A court may not issue an injunction against individuals who are not parties to a suit
9 pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).
10 Further, a party seeking preliminary injunctive relief "must necessarily establish a
11 relationship between the injury claimed in the party's motion and the conduct asserted in the
12 complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (Eighth Amendment
13 claim cannot provide basis for preliminary injunction against alleged acts in retaliation for
14 filing claim); see also Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

15      As Defendants point out, the relief sought in the motion is completely unrelated to the
16 excessive-force claim raised in the Complaint.  Characterizing the matter as one of retaliation
17 for filing the excessive-force claim does not change that fact.  Moreover, it is not apparent
18 that Hays or Heavrin has anything to do with Plaintiff's medical care or failure to receive
19 medication.  Nor does the motion constitute an amended complaint simply because it is
20 labeled a complaint.

21      The motion is denied.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

- 3 -

1    **IT IS ORDERED that** the reference to the Magistrate is **withdrawn** as to Plaintiff's
2    "Complaint and Application for a Temporary Restraining Order and Application for
3    Preliminary Injunction" (Doc. 37), and it is **denied.**
4    DATED this 27th day of January, 2011.

James A. Teilborg
United States District Judge